# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| HOLLY RINALDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. A. No. |
| | ) | |
| MEDTRONIC SOFAMOR DANEK USA | ) | |
| Defendant. | ) | |

_____

## **COMPLAINT**

### Introduction

Plaintiff Holly Rinaldi brings this action against her current employer, Medtronic Sofamor Danek USA ("Medtronic") for violation of the Fair Labor Standards Act and Massachusetts wage laws, breach of contract and promissory estoppel. As set forth below, Rinaldi was improperly classified as an exempt outside sales person during her employment and as a result was not properly paid wages in compliance with Federal and State wage laws. Moreover, she reasonably relied on promises for certain compensation for the non-exempt work she performed for Medtronic for which she was not paid. Rinaldi seeks damages for compensatory damages, liquidated damages, treble damages, attorney's fees, costs and any other damages provided by law.

### Jurisdiction and Venue

1. This court has subject matter jurisdiction over Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

2. Defendant conducts business in this district and Plaintiff performed work for the Defendant in this district and is therefore subject to personal jurisdiction here.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred here.

4. This Court has jurisdiction over Counts II and III pursuant to 28 U.S.C. § 1367(a).

Parties

5. Plaintiff, Holly Rinaldi is a resident of Boston, Massachusetts and a current employee of the Defendant, Medtronic.

6. Medtronic Sofamor Danek USA is a foreign registered corporation in Massachusetts with a principal office in Minnesota.

Facts

7. Plaintiff, Holly Rinaldi, began her employment at Medtronic on August 29, 2017 as a Sales Rep II in the Spine division. Her role was initially as an outside sales representative assigned to work exclusively on the Tufts Medical Center and Newton Wellesley Hospital accounts.

8. Upon the commencement of her employment, she signed an employment contract stating she was eligible to participate in the FY18 Restorative Therapies Group Sales Rep II Incentive Program ("Incentive Program"). The Incentive Program included a guaranteed $200,000 annual salary to be paid quarterly for the first four quarters of her employment. At the end of the fourth quarter, July 27, 2018, Ms. Rinaldi would no longer be eligible for the guarantee and her compensation would be the standard commission plan in place at that time.

9. Ms. Rinaldi met the Incentive Program qualifications and was paid the quarterly guarantee ($50,000 per quarter) through July 27, 2018.

10. In early July 2018, Ms. Rinaldi met with her supervisor, Kelly Albert, to discuss her compensation since the guarantee was scheduled to end at the end of July 2018 and her compensation would be commission only. During their conversation, Ms. Albert told Ms. Rinaldi she would be required to perform promotion type work on the South Shore Hospital account because she had a relationship with the surgeons even though it was not in her territory and she would not receive commission on the account. Ms. Albert also told Ms. Rinaldi that she would work on having her guarantee extended one year since much of her work would now also involve promotional work on additional accounts not in her territory for which she would not receive any commission.

11. Following the meeting, Ms. Rinaldi performed the non-commission work in reliance on her guarantee being extended. She followed up with Ms. Albert several times about the guarantee extension and was told that it was awaiting approval.

12. On August 16 & 17, 2018, Ms. Rinaldi met with Phil Lucey and Ms. Albert to discuss her role and compensation. Ms. Rinaldi told Mr. Lucey that she was performing work on several accounts that were not in her territory and that she would not receive commissions on, including attending meetings in New York, assisting with the Mazor accounts within the Northeast territory and driving business with her relationships to assist on other salespersons' accounts. At the end of the meeting, Mr. Lucey told Ms. Rinaldi that he would take care of her contract to extend her guarantee for a year.

13. Ms. Rinaldi sent several texts to Ms. Albert confirming their conversation to extend her guarantee. In August and early September 2018, Ms. Albert responded to Ms. Rinaldi's texts stating she was working with Mr. Lucey on the compensation plan.

14. During the summer, at Mr. Lucey's and Ms. Albert's request, Ms. Rinaldi attended several meetings promoting the Company's products for accounts that were outside her territory and for which she was not paid any commission.

15. On September 6, 2018, Ms. Rinaldi texted Ms. Albert asking for an update on her compensation plan. Ms. Albert responded that she had just spoken with Mr. Lucey and it is all set, that the paperwork would begin being drafted the next day and that she was happy it worked out.

16. Ms. Rinaldi relied on the promises by Mr. Lucey and Ms. Albert that her guarantee would be extended, and in reliance on this promise, she continued to assist with promotional work for others accounts while awaiting the final paperwork for the extension.

17. Ms. Rinaldi was compensated a total of $1145.54 for August and September, which equals the commissions she earned for her territory accounts during the two-month period. She was not paid any additional wages or compensation for performing promotional work on other accounts.

18. On September 18, 2018 Ms. Albert texted Ms. Rinaldi that everything would be "ok" with her position and that she would call her tomorrow when the paperwork is finalized.

19. On September 20, 2018, Ms. Rinaldi was told that the request to extend her guarantee was not approved. Ms. Rinaldi was also told that she would not receive

any compensation for the promotional work she performed in August and September 2018.

20. Ms. Albert presented Ms. Rinaldi with a new employment contract offering her a position as a Spinal GOAL Account Specialist for the Northeast Region with an annual salary of $90,000 plus commission incentives. In this role her responsibilities included support in four assigned accounts, New York Presbyterian System, Dartmouth Medical Center, Beth Israel Deaconess Medical Center, and New England Baptist. At Ms. Albert's request, Ms. Rinaldi continued to perform promotional work on Newton Wellesley Hospital and South Shore Hospital accounts.

21. Ms. Rinaldi had relied on the promise for additional compensation (ie the guarantee extension) when she agreed to and then spent the majority of her time over the course of several months performing the non-commission based work.

22. Ms. Rinaldi had a call with Mark Eller, HR Program Director RTG Sales & Marketing HR, to discuss her concerns. Ms. Rinaldi was then warned by Ms. Albert not to take the wage issue further with human resources and threatened that if she did there could be repercussions.

23. Despite the threats, Ms. Rinaldi brought her wage complaint to human resources. She was later told that HR investigated her complaint, including speaking to Ms. Albert and Mr. Lucey, but that no additional compensation would be paid.

24. Following the report to human resources, Ms. Albert retaliated against Ms. Rinaldi by excluding her from meetings and mistreating her in front of other colleagues.

## Count I – Fair Labor Standards Act

25. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-24 above.

26. By its conduct, as set forth herein, Defendant violated 29 U.S.C. §207 by misclassifying Plaintiff as an outside sales exempt employee for a portion of her employment of which she was performing promotional work for others and failing to pay Plaintiff earned wages, including overtime wages.

27. The Defendant's violations of 29 U.S.C. §207 is repeated, willful and intentional.

28. Plaintiff has been damaged by said violations of 29 U.S.C. §207.

29. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to Plaintiff for the full amount of unpaid compensation, plus an additional equal amount as liquidated damages, prejudgment interest, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## Count II – Massachusetts Overtime

30. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-29 above.

31. By its conduct as set forth herein, Defendant violated M.G.L. c. 151, §§ 1A and 1B, by failing to pay Plaintiff overtime compensation at time and one-half her regular hourly rate for all hours worked in excess of forty during any workweek.

32. Plaintiff has been damaged by said violations of M.G.L. c. 151, §§ 1A and 1B. Pursuant to M.G.L. c. 151, §§ 1A and 1B, Defendant is liable to the Plaintiff for treble damages, prejudgment interests, plus costs and reasonable attorneys' fees.

## Count III – Massachusetts Wage Act Claim

33. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 32 above.

34. Pursuant to M.G.L c. 149, §150, the Massachusetts Attorney General has assented in writing to the commencement of this action.

35. By its conduct set forth herein, the Defendant violated M.G.L. c. 149, §148 by failing to pay Plaintiff all earned wages.

36. Plaintiff has been damaged by said violation of M.G.L. c. 149, §148.

37. Pursuant to M.G.L. c. 149, §150 and §148, Defendant is liable for treble damages, prejudgment interest, plus costs and reasonable attorneys' fees.

### COUNT IV - BREACH OF CONTRACT

38. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 37 above.

39. Plaintiff entered into an employment agreement with Defendant for payment of wages for certain tasks to be performed by Plaintiff

40. Defendant breached the employment agreement by failing to properly compensate employee.

41. Employee incurred damages as a result of the breach.

### COUNT V – PROMISSORY ESTOPPEL

42. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1- 41 above.

43. Defendant made a promise to extend Plaintiff's guaranteed salary.

44. Plaintiff relied upon the promise and performed work for the Defendant in reliance on the promise to be paid the guaranteed salary.

45. Plaintiff suffered damages as a result of Defendant's actions.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:

I.     Determine the damages sustained by Plaintiff as a result of Defendant's violations of the FLSA, 29 U.S.C. §§ 207 *et seq.*, and award those damages against the Defendant in favor of Plaintiff, including liquidated damages and prejudgment interest.

II.     Determine the damages sustained by Plaintiff as a result of Defendant's violation of M.G.L. c. 151 §§ 1A and 1B and award those damages against the Defendant and in favor of Plaintiff, including treble damages and prejudgment interest.

III.     Determine the damages sustained by Plaintiff as a result of Defendant's violation of M.G.L. c. 149, §148, and award those damages against the Defendant in favor of Plaintiff, including treble damages and prejudgment interest.

IV.     Determine the damages sustained by Plaintiff as a result of Defendant's breach of contract and promissory estoppel and award those damages against the Defendant in favor of Plaintiff.

V.     Determine the damages sustained by the Plaintiff as a result of the Defendant's

VI.     Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and expenses.

VII.     Any other or further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE**.

                                      HOLLY RINALDI
                                      By her Attorney,

                                      <u>/s/ Corinne Hood Greene</u>
                                      Corinne Hood Greene, Esq, (BBO #654311)

Greene & Hafer
529 Main St., Ste. 124
Charlestown, MA 02129
Ph. 617-396-4600
cgreene@greeneandhafer.com

Case 1:19-cv-11710-ADB   Document 1   Filed 08/08/19   Page 9 of 9